## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Joe M. Tellado, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:18-cv-3649 |
| | ) | |
| Rich Products Corp., | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION AND NOTICE OF AFFIRMATIVE DEFENSES

Defendant Rich Products Corporation ("Defendant"), by and through its attorneys, Steve A. Miller and Franklin Z. Wolf of Fisher & Phillips LLP, and for its Answer to Plaintiff Joe M. Tellado's ("Plaintiff") Complaint of Employment Discrimination, states as follows:

1. This is an action for employment discrimination.

**ANSWER:** Defendant states that Plaintiff purports to bring causes of action against Defendant for employment discrimination. Defendant denies that it engaged in any unlawful employment practices. Defendant denies all remaining allegations contained in this paragraph.

2. The plaintiff is Joe M. Tellado of the county of Cook in the state of Illinois.

**ANSWER:** Defendant states that the Plaintiff is Joe M. Tellado. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in this paragraph and, therefore, denies the same.

3.      The defendant is Rich Products Corp., whose street address is One Robert Rich Way, Buffalo, NY 14213 (716) 878-8000.

**ANSWER:**    Defendant states that it operates a facility at One Robert Rich Way in Buffalo, New York 14213.  Defendant further states that its telephone number for this facility is (716) 878-8000.  Defendant denies all remaining allegations contained in this paragraph.

4.      The plaintiff sought employment or was employed by the defendant at 6200 W. Millford, Street, Niles, IL 60714.

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

5.      The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

6.      The defendant discriminated against the plaintiff on or about, or beginning on or about, May 26, 2016.

**ANSWER:**    Defendant denies all allegations contained in this paragraph.

7.      The defendant is not a federal governmental agency, and the plaintiff has not filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

>  i.  The United States Equal Employment Opportunity Commission, on or about March 3, 2018.

FPDOCS 34187440.1

**ANSWER:**    Defendant states that it is not a federal governmental agency.  Defendant denies all remaining allegations contained in this paragraph.

8.    The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on March 6, 2018, a copy of which Notice is attached to this complaint.

**ANSWER:**    Defendant states that the United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue.  Defendant further states that Plaintiff attached a Notice of Right to Sue to his Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the date upon which Plaintiff may have received a Notice of Right to Sue, and, therefore, denies the same.  Defendant denies all remaining allegations contained in this paragraph.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [sic]

**ANSWER:**    Defendant denies all allegations contained in this paragraph.

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color or national origin.

**ANSWER:**    Defendant denies all allegations contained in this paragraph.

11.    Jurisdiction over the statutory violation alleged is conferred as follows:  for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 2000c-5(f)(3); for 42

U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:**    Defendant states the allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits jurisdiction over the alleged statutory violations that are conferred by 28 U.S.C. § 1331. Defendant denies all remaining allegations contained in this paragraph.

12.    The defendant:

(b)    terminated the plaintiff's employment;

(f)    failed to stop harassment; and

(h)    continued harassment.

**ANSWER:**    Defendant states that it terminated Plaintiff's employment.  Defendant denies all remaining allegations contained in this paragraph.

13.    The facts supporting the plaintiff's claim of discrimination are as follows:  Written reprimand, suspension and termination due to age discrimination and continued harassment.  Other employees with same incident were treated differently.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

14.    Defendant knowingly, intentionally, and willfully discriminated against the Plaintiff.

**ANSWER:**    Defendant denies all allegations contained in this paragraph.

- 4 -

15.     The plaintiff demands that the case be tried by a jury.

**ANSWER:**     Defendant states that Plaintiff has demanded that this case be tried by a jury, to which no response is required.

16.     THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

> b.   Direct the defendant to re-employ the plaintiff;
>
> g.   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**ANSWER:**     Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.  Defendant further denies Plaintiff is entitled to any relief whatsoever.

## Affirmative Defenses

### First Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims and/or damages are barred to the extent he failed to mitigate his alleged damages.

### Second Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims may be barred by the doctrine of estoppel, unclean hands, and/or laches.

### Third Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Defendant's employment decisions concerning Plaintiff were based upon legitimate, non-discriminatory factors.

### Fourth Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Defendant is not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative or concurrent cause which may not be the result of any act or omission of Defendant.

### Fifth Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims are barred, in whole or in part, by the "after acquired" evidence doctrine.

### Sixth Defense

Without prejudice to Defendant' denials and other statements of its pleadings, Plaintiff's claims brought pursuant to the Age Discrimination in Employment Act (ADEA) and Illinois Human Rights Act ("IHRA") are barred to the extent Plaintiff failed to exhaust his administrative remedies.

### Seventh Defense

Without prejudice to Defendant's denials and other statements of its pleadings, even if any decision concerning Plaintiff was based, in part, on his age, which it was not, Defendant would have reached the same decision in the absence of any impermissible motivating factor.

FPDOCS 34187440.1

### Eighth Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims for liquidated damages, double damages, exemplary damages, special damages, and/or punitive damages are barred because Defendant's conduct was not willful.

### Ninth Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims are barred to the extent that they involve events or seek damages for periods of time outside the applicable statutory limitations period for filing administrative charges or commencing this lawsuit.

### Tenth Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly and discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

### Eleventh Defense

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff fails to state a claim upon which relief may be granted.

Defendant may have additional affirmative defenses as of yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as and when appropriate.

**WHEREFORE**, Defendant Rich Products Corporation, having fully answered, prays that the Court enter judgment in its favor, for its costs, for reasonable attorneys' fees, and for such other relief as the Court deems proper.

DATED: August 13, 2018                              Respectfully submitted,


                                                    /s/ *Steve A. Miller*
                                                    One of the Attorneys for Defendant

Steve A. Miller
Franklin Z. Wolf
FISHER & PHILLIPS, LLP
10 S. Wacker Drive, Suite 3450
Chicago, IL  60606
Telephone: (312) 346-8061
smiller@fisherphillips.com
fwolf@fisherphillips.com

- 8 -

FPDOCS 34187440.1

## CERTIFICATE OF SERVICE

I, Steve A. Miller hereby certify that, on August 13, 2018, I filed the foregoing **Defendant's**

**Answer to Plaintiff's Complaint of Employment Discrimination and Notice of Affirmative**

**Defenses** using the CM/ECF system, which shall cause a copy of the foregoing to be served upon:

Joe M. Tellado
4253 N. Olcott Ave.
Norridge, IL 60706


By:    /s/ *Steve A. Miller*
One of the Attorneys for Defendant

Steve A. Miller
Franklin Z. Wolf
FISHER & PHILLIPS, LLP
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 346-8061
smiller@fisherphillips.com
fwolf@fisherphillips.com

- 9 -

FPDOCS 34187440.1